Omar Kumbamang **TOURAY,**
Petitioner,

v.

Alberto R. **GONZALES,** Attorney
General, Respondent.

No. 05–70983.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 25, 2006.*

Filed Nov. 7, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Patrick O. Cantor, Esq., Buttar & Cantor, LLP, Tukwila, WA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, Keith Bernstein, Michelle G. Latour, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KOZINSKI and FERNANDEZ, Circuit Judges, and CARNEY,** District Judge.

MEMORANDUM ***

 We lack jurisdiction to review the BIA's determination that Omar Kumbam-

---

FED. R.APP. P. 34(a)(2).

** The Honorable Cormac J. Carney, United States District Judge for the Central District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

ang Touray failed to establish that he filed his asylum application within one year of his arrival in the United States. *See* 8 U.S.C. § 1158(a)(3); *Ramadan v. Gonzales*, 427 F.3d 1218, 1221–22 (9th Cir. 2005).

■ To qualify for withholding of removal, Mr. Touray must show that it is more likely than not that, if removed to The Gambia or Russia, his life or freedom would be threatened on account of a protected ground. *See* 8 U.S.C. § 1231(b)(3)(A); 8 C.F.R. § 1208.16(b). To meet this burden, it is not enough that Mr. Touray has a well-founded fear of persecution. *See INS v. Cardoza–Fonseca*, 480 U.S. 421, 430, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987). Instead, Mr. Touray must show that there is a "clear probability" of future persecution. *See id.*

Substantial evidence supports the BIA's denial of withholding as to both The Gambia and Russia. Mr. Touray failed to show a clear probability of future persecution in The Gambia because, as the BIA found, he "did not suffer past harm there, and most of his large, similarly situated family has remained there unharmed since 1996." Mr. Touray also failed to show a clear probability of future persecution in Russia. Substantial evidence supports the BIA's conclusion that he did not suffer past harm there that rose to the level of persecution on account of his race. Moreover, the BIA could properly determine that Mr. Touray failed to show that the Russian government is unwilling or unable to control those who he claimed wished to harm him.

■ Substantial evidence also supports the BIA's denial of CAT relief. To qualify for relief under the CAT, Mr. Touray bears the burden of proving that it is more likely than not that he would be tortured if

removed to the proposed country of removal. *See* 8 C.F.R. § 1208.16(c)(2). Mr. Touray presented no evidence beyond that submitted with his application for withholding of removal. That evidence falls far short of establishing that he would be tortured, for any reason, if returned to either The Gambia or Russia.

**PETITION DISMISSED** in part and **DENIED** in part.